1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   JEREMY JONES,                          )   Case No.: 1:14-cv-02045-DAD-SAB (PC)
                                            )
12              Plaintiff,                   )
                                            )   ORDER ADDRESSING PLAINTIFF'S NOTICE
13        v.                                 )   TO THE COURT AND DIRECTING PLAINTIFF
                                            )   TO FILE A SECOND AMENDED COMPLAINT
14   JIMENEZ, et al.,                        )   WITHIN THIRTY DAYS FROM THE DATE OF
                                            )   SERVICE
15              Defendants.                  )
                                            )   [ECF No. 24]
16   _____ )

17          Plaintiff Jeremy Jones is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          On December 11, 2015, the Court screened Plaintiff's first amended complaint and found that

20   Plaintiff stated a cognizable claim against Defendants Doctors Tate and Lee for deliberate indifference

21   in violation of the Eighth Amendment, a cognizable claim against Defendants Wedertz, Stowers, and

22   Stratton for conditions of confinement in violation of the Eighth Amendment, a cognizable claim for

23   excessive force against Defendants Sigton, Chamberlin, Harris and Kephart, and a cognizable due

24   process violation against Defendant Lundy; however, Plaintiff was advised that the incidents were not

25   related and could not be joined in one action.  (ECF No. 21.)  Plaintiff was instructed, by way of

26   amendment or notice, to choose which claim(s), if any, he wished to proceed on in this action.  (Id.)

27   Plaintiff was advised that if his amended complaint or notice violates Rule 20 despite the admonition,

28   the Court would decide which claims shall proceed and dismiss any and all unrelated claims. (Id.)

                                                    1

On February 16, 2016, Plaintiff filed a notice to the Court.  Plaintiff indicates that he wishes to proceed against Defendant Lundy for a due process violation during his rules violation hearing.  However, Plaintiff indicates that he "would like to amend this complaint to add the name of the watch commander Cpt. Lundy assigned to the hearing, C. Schuler, Correctional Lieutenant."  (ECF No. 24, Notice at 1.)  Plaintiff also indicates he would like to amend the complaint to add "the names of the LT that heard this on appeal along with the AW and CDW who all denied, refused to acknowledge and signed off on a due process violation that was clearly pointed out to them in his appeal; J. Lamboy, Correctional Lieutenant, M. Bryant, Correctional Associate Warden, K. Holland, Correctional Chief Deputy Warden, J. Zamora, Correctional Appeals Examiner Office of Appeals, and D. Foster, Correctional Chief Office of Appeals."  (Id. at 2.)  Lastly, Plaintiff would like to modify his prayer for relief.  (Id.)

Because Plaintiff's notice indicates that Plaintiff wishes to amend the operative complaint, Plaintiff must file a second amended complaint setting for his due process claim against Defendant Lundy, and any other amendments related to such claim as set forth in his notice.  Plaintiff is advised, however, that the second amended complaint must be complete in itself without reference to the prior or superseded pleading, Local Rule 220, and Plaintiff's second amended complaint must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights.  In addition, Plaintiff may not present unrelated claims and/or defendants in his second amended complaint.  Fed. R. Civ. P. 18, 20.  Furthermore, the Court is required to screen any and all complaints pursuant to 28 U.S.C. § 1915A.  Lastly, with regard to Plaintiff's claim that he wishes to amend the complaint to add individuals who were involved and/or denied his inmate grievances, Plaintiff is advised that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

1    Based on the foregoing, it is HEREBY ORDERED that Plaintiff shall file a second amended

2  complaint in compliance with this Court within **thirty (30) days** from the date of service of this order.

3

4  IT IS SO ORDERED.

5  Dated:   **February 18, 2016**

6                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28