UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JIMENEZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-02045-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>[ECF No. 36] |

Plaintiff Jeremy Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed June 20, 2016.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's due process and cruel and unusual punishment claims against Defendants Lundy and Schuyler relating to a rules violation hearing and resulting punishment of placement in the security housing unit for an indeterminate term which was unsanitary and unsafe.

On June 20, 2016, Defendants filed the instant motion to dismiss the second amended complaint for failure to state a cognizable claim for relief. After receiving four extensions of time, Plaintiff filed an opposition on November 18, 2016, and Defendants filed a reply on November 28, 2016. The motion is deemed submitted for review without oral argument. Local Rule 230(*l*).

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments and points and authorities filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the parties' filings in reaching the instant recommendation.

Defendants seek to dismiss Plaintiff's complaint because (1) Plaintiff received all process that he was due; (2) Plaintiff includes no allegations from which it can be concluded that Defendants were aware of a risk of harm relating to his cell assignment; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff's injunctive relief request is barred.

## III.

## DISCUSSION

### A. Summary of Plaintiff's Second Amended Complaint

In May 2011, Plaintiff was "sexually harassed" by correctional officer Jimenez when she peered into Plaintiff's cell as he was urinating even though he repeatedly told her "excuse me ma'am, I'm using the restroom." Jimenez's partner overhead Plaintiff's statement and began to laugh saying "you caught Jones taking a piss." She realized she was caught and immediately began to make a scene to cover-up her behavior and proceeding to write a false rules violation report in which she gave multiple inconsistent statements. The statements were so inconsistent that she employed the assistance of her partner correctional officer Gonzalez to give a false statement in the investigative employee report. The Plaintiff was immediately deemed an "outcast." Captain Lundy assigned Lieutenant C. Schuyler, who was the watch commander to whom officer Jimenez reported at the time of the incident in question, and lieutenant Schuyler was predisposed to find him guilty. Captain Lundy also denied Plaintiff a polygraph test.

At the rules violation hearing, Plaintiff was not allowed to question his accuser (officer Jimenez) because she was not present, he was not able to call witnesses, and he was not able to speak in his defense. Lieutenant Schuyler found Plaintiff guilty of the charge of indecent exposure.

As a result of the rules violation, Plaintiff was given a term in the Security Housing Unit (SHU). Plaintiff contends that, in the SHU, his cell was unsanitary because it had "large satanic symbols" that "covered the walls in blood" and exposed Plaintiff to "all sorts of diseases."

### B. Incorporation by Reference

When ruling on a motion under Rule 12(b)(6), Courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (internal quotation marks omitted).

Defendants request that the Court consider the rules violation report, attached as Exhibit A to their motion and attached to Plaintiff's original complaint filed in this action on December 22, 2014. Defendants request is addressed below in section D.

### C. Conditions of Confinement Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Defendants argue that Plaintiff did not allege facts showing that either of them engaged in any conduct relating to his cell condition, nor that they had knowledge of any sanitation issue.

In his opposition, Plaintiff argues that he was subjected to "one of the most infamous and notorious segregated housing units (SHU) in the State of California. 'Any' and 'Everything' that goes on in this unit goes up the chain of command to get approval all the way to the very top. And to their

4

credit they're very active and hands on in which the defendants would make rounds daily to check in, review situations and to sign off on whatever decisions that were made." (Opp'n at 3, ECF No. 48.) Plaintiff suffered mental pain by not bathing for months and living in over a foot of trash and filth to the point that he cut himself severely. Mental health staff monitor and supervise the housing in the SHU and share their reports with "higher ups." (Id. at 4.)

Upon further review of the second amended complaint, the Court finds that Defendants' argument has merit as there are not sufficient allegations to demonstrate subjective knowledge of the conditions for which Plaintiff was subject in the SHU. The issue now becomes whether Plaintiff should be granted leave to further amend the complaint as to Defendants Lundy and Schuyler. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (pro se litigant should be given leave to amend the complaint to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment).

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed the instant Rule 12(b)(6) motion and Plaintiff therefore requires either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). While the Court may not consider new allegations raised in an opposition to a motion to dismiss, the court *may* consider allegations in an opposition in deciding whether to grant leave to amend. Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1204 (C.D. Cal. 2004).

In this instance, the Court finds that Plaintiff should be granted leave to amend his conditions of confinement claim under the Eighth Amendment based on the allegations presented in his

5

opposition which plausibly give rise to a cognizable claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). This is particularly so given that pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, the Court recommends that Defendants' motion to dismiss Plaintiff's conditions of confinement claim be granted, with leave for Plaintiff to amend the complaint to cure the deficiencies.

### D.   Due Process Violations

Plaintiff contends that a due process violation occurred when Chief Lundy allowed the watch commander (lieutenant Schuyler) working the night of the alleged incident to be the hearing officer of the rules violation report issued against him for which he was found guilty of the false rules violation.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Defendants' argument that Plaintiff's version of events is contradicted by his exhibits, namely the rules violation report, is rejected. Courts are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Daniels-Hall, 629 F.3d 992 at 998. However, the purportedly contradictory facts contained in Plaintiff's rules violation report are Defendants' own reports of events. Those "facts" cannot provide

6

a basis for disregarding Plaintiff's allegations because they are contested as opposed to "established." Sumner Peck Ranch, Inc. v. Bureau of Reclamation, 823 F.Supp. 715, 720 (E.D.Cal. 1993). The Court declines to address each of Defendants' argument for dismissal of his due process claims because such argument is based solely on the rules violation report itself. The issuance of a false disciplinary charge is not in itself a due process violation as long as prison officials comply with the applicable procedural due process requirements. However, in this instance, Plaintiff's claims are based on Defendants failure to comply with the applicable procedural due process requirements.

In the second amended complaint, Plaintiff states that he was not provided the right to question his accuser, denied the right to an impartial decision maker, denied the right call witnesses, denied the right to speak in his defense, and there is not some evidence to support the finding of guilt.[1] (Second Amd. Compl. at 3-5, ECF No. 28.) While brief, Plaintiff's allegations are neither fatally conclusory nor mere legal conclusions and therefore, any factual disputes must be resolved in Plaintiff's favor at this stage in the proceedings. This is not to say that Plaintiff's allegations are true, but only that accepting them as true, as we must at this stage of the proceedings, they are enough to survive a motion to dismiss for failure to state a cognizable claim for relief.

That said, Defendants are correct that Plaintiff cannot assert an independent cause of action based on any purported violation of sections of the California Code of Regulations, including the failure to provide Plaintiff with a polygraph examination, and Plaintiff's due process claim is not proceeding on such allegations. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("state departmental regulations do not establish a federal constitutional violation."); see also K'napp v. Adams, No. 1:06-cv-01701-LJO-GSA (PC), 2009 WL 1292347, at *4 (E.D. Cal. May 7, 2009).

**E.   Qualified Immunity**

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified

---

[1] Plaintiff's claim that the rules violation was false and the hearing officer was biased goes to heart of his claim that there was not some evidence to support the finding of guilt on the rules violation finding.

7

immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendants' conduct violated a constitutional right, and if so, whether the right was clearly established.  Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances.  Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

On a motion to dismiss, the Court must accept the allegations in the complaint as true when determining whether a defendant is entitled to immunity.  Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 963 (9th Cir. 2004).

Although a defendant may raise a qualified immunity defense at early stages in the proceeding, courts have recognized that the defense is generally not amendable to dismissal under Rule 12(b)(6), because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint.  See Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999).  Whether Plaintiff's constitutional rights were violated in this matter, and whether a reasonable official would have known their conduct was violating an inmate's clearly established rights, hinges on further factual development in this action.  See Moss v. U.S. Secret Service, 572 F.3d 962, 974-975 (9th Cir. 2009) (where extra-record evidence is proffered or required to determine the facts at hand, qualified immunity must be asserted in a summary judgment motion).

Assuming the truth of Plaintiff's allegations, Plaintiff has alleged sufficient facts to support a due process violation against Defendants Lundy and Schuyler.  Plaintiff's allegations are sufficient to

give rise to a claim for relief, and at the pleading stage, a reasonable officer would have known that depriving Plaintiff of his procedural due process rights under Wolff would be a constitutional violation. Accordingly, Defendants' motion to dismiss for failure to state a claim based on qualified immunity must be denied.

### F. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1; see also Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (per curium). The disability of imprisonment only delays the accrual of claims for damages under § 1983 and does not delay the accrual of claims for injunctive and declaratory relief under § 1983. Cal. Civ. Proc. § 352.1(c); see also Fulford v. Griffith, No. 16-cv-00770-MEJ, 2016 WL 7475607, at *4 (N.D. Cal. Dec. 29, 2016); Mack v. Ona, No. CIV S-05-2134-MCE-CMK-P, 2008 WL 5046060, at *6 (E.D. Cal. Nov. 21, 2008).

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine

9

designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-103.

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

If running of the statute of limitations is apparent on the face of a complaint, a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted); see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted).

The Court cannot determine from the face of the complaint whether Plaintiff's claim for injunctive relief is barred by the applicable statute of limitations.  More specifically, the Court cannot determine to what extent, if any, Plaintiff may be entitled to tolling of the limitations period during exhaustion of the administrative remedies.  Because exhaustion of administrative remedies is an affirmative defense, Plaintiff was not required to plead exhaustion in his complaint, and his failure to do is of no consequence at this juncture.  Accordingly, Defendants' motion to dismiss Plaintiff's claim for injunctive relief as barred by the statute of limitations must be denied.

### G. Favorable Termination Rule

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."  Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at 81-82.

The Court cannot determine whether Plaintiff's due process claim is barred by the favorable termination rule because it is not clear from the face of the complaint that the loss of credits will have any effect on Plaintiff's incarceration.[2]  Without such information, the Court cannot find, at this juncture, that Plaintiff's claim is barred by Heck.  See, e.g., Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) (finding that a prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release fell outside the "core of habeas corpus" and section 1983 was the proper

---

[2] Indeed, an exhibit appended to Plaintiff's original indicates that Plaintiff is serving a life sentence. (Compl. Ex. 3, ECF No. 1.)

11

vehicle); see also Hammler v. Wright, No. 2:15-cv-1635-EFP P, 2016 WL 4126758, at *8 (E.D. Cal. Aug. 3, 2016) (noting life term inmate would not serve a shorter sentence if he had not forfeited loss of credits and section 1983 was proper vehicle to bring claim); Roman v. Knowles, No. 07cv1343 (POR), 2011 WL 3741012, at *12 (S.D. Cal. June 20, 2011) (finding when serving life term loss of good-conduct credits will have no effect on the inmate's sentence and claim was not barred by Heck). Accordingly, Defendants' motion to dismiss Plaintiff's due process claim as barred by Heck must be denied.

### H. Motion for Leave to State a Cause of Action Under the Privacy Act

In his opposition, Plaintiff requests leave to amend the complaint to add a claim under the Privacy Act, 5 U.S.C. § 552a. (Opp'n at 4-6, ECF No. 48.) Plaintiff's request must be denied.

Rule 15 provides that a party may amend its pleading once as a matter of right within 21 days after serving it or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts generally consider four factors in determining whether to deny a motion to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). In this instance, Plaintiff has previously amended the complaint twice, and therefore Court permission is necessary for further amendment.

The Freedom of Information Act ("FOIA") requires federal agencies to make certain information available to the public. 5 U.S.C. § 552. The Privacy Act prohibits federal agencies from disclosing certain personal records without an individual's consent, and also provides a means for an individual to access his or her records maintained by a federal agency. 5 U.S.C. § 552a(d)(1). Plaintiff cannot sue a state agency or an employee of a state agency under the Privacy Act. See Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) (civil actions by private individuals suing under the Privacy Act are limited to actions against agencies of the United States government). The Court is mindful of the liberality of Rule 15(a) and the leniency accorded pro se litigants, but the Court may properly deny leave to amend if the proposed amendment is futile, as it is here. See Woods v.

City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1105-06 (9th Cir. 2011); Carrico v. City and County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). Accordingly, Plaintiff's motion for leave to amend to add a claim under the Privacy Act should be denied.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss Plaintiff's conditions of confinement claim be granted, with leave for Plaintiff to file a third amended complaint curing the deficiency;
2. Defendants' motion to dismiss be denied in all other respects; and
3. Plaintiff's motion to amend the complaint to add a claim under the Privacy Act be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2017**

UNITED STATES MAGISTRATE JUDGE