UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMEY JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>J. LUNDY, et al.,<br><br>        Defendants. | No. 1:14-cv-02045-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION TO DISMISS IN PART, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. Nos. 36, 52) |

Plaintiff Jeremy Jones is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 10, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be granted in part and denied in part, and that plaintiff be granted leave to amend his complaint. (Doc. No. 52.) The magistrate judge also recommended that plaintiff's request to amend his complaint to add a claim under the Privacy Act, 5 U.S.C. § 552, be denied, because the Privacy Act has no application to state agencies. (*Id*.) The findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within thirty days. On February 16, 2017, plaintiff filed objections to the findings and recommendations. (Doc. No. 53.)

In his objections, plaintiff states that "[a]lthough the court recommended that the plaintiff would be allowed leave to amend his complaint this exercise would be moot because the plaintiff has no interest in alleging 'facts' that are not true or '[a]lternative [f]acts.'" (Doc. No. 53 at 1.) Plaintiff appears to believe that the magistrate judge misunderstood certain factual allegations of his second amended complaint to concern plaintiff rather than another inmate who had previously occupied plaintiff's cell. To be clear, and as indicated in the findings and recommendations, plaintiff's claims against defendants must be dismissed because they fail to demonstrate that either defendant knew of the alleged conditions in plaintiff's cell. (*See* Doc. No. 52 at 4–5.) In order to state an Eighth Amendment deliberate indifference claim, plaintiff must allege facts sufficient to show that each defendant was subjectively aware of an "excessive risk to inmate health or safety." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *see also Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011) (noting a deliberate indifference claim against a supervisor must be "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates"). As the magistrate judge noted in the pending findings and recommendations, plaintiff's second amended complaint did not contain "sufficient allegations to demonstrate [defendants'] subjective knowledge of the conditions for which Plaintiff was subject in the SHU." (Doc. No. 52 at 5.) This is the defect plaintiff must address and cure in any third amended complaint he elects to file in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Given the foregoing:

1. The findings and recommendations issued January 10, 2017 (Doc. No. 52) are adopted in full;

/////

2

     2. Defendants' motion to dismiss (Doc. No. 36) is granted in part and denied in part, with leave to amend granted only as to plaintiff's condition of confinement claim;

     3. The Clerk of the Court shall send plaintiff an amended civil rights complaint form; and

     4. Plaintiff is granted leave to file, within thirty days, an amended complaint[1] clarifying the grounds upon which he is bringing his conditions of confinement claim.

IT IS SO ORDERED.

Dated: __**March 6, 2017**__           /s/ Dale A. Drozd
                                             UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is advised that an amended complaint will supersede his second amended complaint. *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an [second amended] complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474. In other words, even the claims that were properly stated in the second amended complaint must be completely stated again in the amended complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, and leave to amend is only to add factual allegations as to his conditions of confinement claim. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).