# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIMENEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-02045-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO EXTEND THE TIME TO SERVE SUPPLEMENTAL RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS, DENYING AS MOOT PLAINTIFF'S MOTION TO POSTPONE DEPOSITION AND GRANTING DEFENDANTS' MOTION TO EXTEND THE DEADLINE FOR FILING AN EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 82, 83, 84] |

Plaintiff Jeremy Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 8, 2017, Plaintiff filed a motion to extend the time to serve supplemental responses to Defendants' discovery requests. On December 18, 2017, Plaintiff filed a request to postpone his deposition and to depose Defendants. On December 20, 2017, Defendants filed a motion to extend the deadline to file an exhaustion-related motion for summary judgment.

With regard to Plaintiff's request to postpone the date of taking his deposition, such request is moot. In Defendants' request to extend the deadline to file an exhaustion-related motion for summary judgment, defense counsel indicates that the date of taking Plaintiff's deposition was rescheduled at Plaintiff's request and is currently set for January 18, 2018. (Mot. at 3, ECF No. 84.) Accordingly, Plaintiff's motion to postpone the taking of his deposition shall be denied as moot.

1

Turning to Plaintiff's request for leave to depose Defendants, Plaintiff has a right to depose Defendants without court permission. However, Plaintiff must bear the cost of the taking of such deposition, must bear the cost of transcription if he intends to use the deposition as evidence in a proceeding, and must arrange for an officer to conduct the deposition. Fed. R. Civ. P. 30(b). To the extent Plaintiff is seeking leave of court to depose Defendants without complying with any of these requirements, Plaintiff's motion is denied. Furthermore, Plaintiff is advised that Defendants are not required to be present at the taking of his own deposition, as the proceeding will be conducted by defense counsel only.

Plaintiff also seeks an extension of time to serve supplemental responses to Defendants' discovery requests. Good cause having been presented to the Court, it is HEREBY ORDERED that Plaintiff shall serve supplemental responses to Defendants' discovery requests on or before January 5, 2018-which is approximately thirty days after the filing of Plaintiff's motion on December 8, 2017.

On the basis of good cause, the Court will extend the deadline for filing an exhaustion-based motion for summary judgment to February 23, 2018.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to postpone the taking of his deposition is denied as moot;

2. Plaintiff's request to depose Defendants' is denied; and

3. Plaintiff's request for an extension of time to serve supplemental responses to Defendants' discovery requests is granted and such responses shall be served on or before January 5, 2018;

4. The deadline to file an exhaustion-based motion for summary judgment is extended to February 23, 2018.

IT IS SO ORDERED.

Dated: **December 21, 2017**

UNITED STATES MAGISTRATE JUDGE