1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JEREMY JONES,                            )   Case No. 1:14-cv-02045-DAD-SAB (PC)
                                              )
12               Plaintiff,                   )
                                              )   ORDER DENYING PLAINTIFF'S MOTION TO
13         v.                                 )   MODIFY THE DISCOVERY AND SCHEDULING
                                              )   ORDER AND MOTION TO COMPEL
14   JIMENEZ, et al.,                         )
                                              )   [ECF No. 94]
15               Defendants.                  )
                                              )
16                                            )
                                              )
17   _____        )

18         Plaintiff Jeremy Jones is appearing pro se and in forma pauperis in this civil rights action

19   pursuant to 42 U.S.C. § 1983.

20         Currently before the Court is Plaintiff's motion to modify the discovery and scheduling order

21   and motion to compel, filed March 28, 2018.

22                                    **I.**

23                            **RELEVANT HISTORY**

24         This action is proceeding on a due process and conditions of confinement claim against

25   Defendants Lundy and Schuyler.

26         On June 7, 2017, Defendants filed an answer to the third amended complaint.  (ECF No. 59.)

27

28

                                            1

On June 8, 2017, the Court issued the discovery and scheduling order, which set a discovery cutoff date of February 18, 2018, and a dispositive motion filing deadline of April 19, 2018. (ECF No. 60.)

On August 29, 2017, Defendants filed a motion to modify the scheduling order to allow Plaintiff more time to respond to outstanding discovery requests, and give the parties time to participate in a settlement conference. (ECF No. 71.) The Court granted Defendants' motion on August 30, 2017. (ECF No. 72.)

On November 14, 2017, Defendants filed a second motion to modify the scheduling order, again because Plaintiff required additional time to respond to outstanding discovery requests. (ECF No. 80.) The Court granted Defendants' motion. (ECF No. 81.)

On December 20, 2017, Defendants filed a third motion to modify the scheduling order, because Plaintiff requested additional time to respond to the discovery requests and requested that his deposition be postponed. (ECF No. 84.) The Court granted Defendants' motion on December 21, 2017. (ECF No. 85.) In both motions, Defendants sought to modify the deadline to file an exhaustion related motion for summary judgment; neither of them sought to extend the discovery cutoff date. (ECF Nos. 80, 84.)

On January 30, 2018, Defendants filed a fourth motion to modify the scheduling order, which sought a brief extension of the discovery cutoff date. (ECF No. 89.) Defendants sought the extension because: (1) Plaintiff had ended his deposition before it could be completed and more time was necessary to finish the deposition; and (2) Plaintiff told Defendants that he required additional time to retrieve documents in response to his deposition notice. (Id.) Defendants requested the discovery deadline extension based on the limited purposes presented. (Id. at 1.) Plaintiff opposed Defendants' request. (ECF No. 91.) The Court granted Defendants' request to extend the discovery deadline for the limited purposes, only. (ECF No. 90.)

As previously stated, on March 28, 2018, Plaintiff filed a motion to modify the scheduling order and compel further responses to several requests for production of documents. (ECF No. 94.)

Defendants filed an opposition on April 12, 2018.[1]  (ECF No. 95.)  Plaintiff filed a reply on April 27, 2018.  (ECF No. 98.)  Therefore, the motion is deemed submitted for review without oral argument.  Local Rule 230(l).

## II.

## DISCUSSION

### A.      Motion to Modify the Scheduling Order

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order."  Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Plaintiff's present motion is untimely, as it was filed on March 28, 2018, over a month after the February 8, 2018, discovery cutoff date.  As stated in the scheduling order, "[a] request for an

---

[1] On this same date, Defendants filed a request for an extension of time to file a dispositive motion.  (ECF No. 96.)  On the basis of good cause, the Court granted Defendants' request.  (ECF No. 97.)

extension of a deadline set in this order must be filed on or before the expiration of the deadline in question." (ECF No. 60.)  However, even if Plaintiff's motion was timely, he has failed to demonstrate good cause to extend the discovery deadline.  Plaintiff argues that because Defendants were allowed to modify the scheduling order in all fairness he should likewise be allowed to extend the deadline.  (Mot. at 1, ECF No. 94.)  However, the mere fact that the Court previously granted Defendants' requests to modify the scheduling order does not justify a further extension of the discovery deadline.  In fact, Defendants' motions were filed only to accommodate Plaintiff's requests to extend the time to respond to discovery requests.  Only one of the Defendants' motions requested a modification of the discovery deadline for their benefit.

Furthermore, Plaintiff has failed to demonstrate due diligence in seeking discovery to warrant an extension of the deadline.  Discovery in this case was open from June 8, 2017 to February 8, 2018, i.e. eight months.  The Court's June 8, 2017 discovery and scheduling order specifically stated, "discovery requests … must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel."  (ECF No. 60.)  Plaintiff did not serve the first of the discovery requests at issue until January 31, 2018.  (Mot. Ex. A, ECF No. 94.) Defendants responded to Plaintiff's Request for Production of Documents, Set One, on March 8, 2018. (Declaration of Tyler Onitsuka ¶ 2, ECF No. 95-1.)  Plaintiff failed to explain why he waited until January 31, 2018 to initiate discovery and fails to explain why he did not or could not have filed a timely extension of the discovery deadline.  Thus, Plaintiff's motion is untimely and does not warrant an extension of the discovery deadline.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 608-09 (motions filed after the deadlines set in a scheduling order are untimely and may be denied solely on this ground).  Further, Plaintiff's request fails to demonstrate good cause to extend the discovery deadline because Plaintiff was not diligent in attempting to meet the discovery deadline.  Accordingly, Plaintiff's motion to modify the scheduling order shall be denied.

### B.    Motion to Compel

Plaintiff seeks to compel responses to three sets of requests for the production of documents: (1) the first set of requests for production of documents, which was served on Defendants on January 31, 2018; (2) the second set of requests for production of documents, which was served on Defendants

on March 1, 2018; and (3) the third set of requests for production of documents, which was not served on Defendants before it was filed, but is attached to the motion to modify the scheduling order and motion to compel. The requests seek, among other things, for "blown up" pictures of various areas of the prison, transcripts of Plaintiff's deposition, and unspecified documents "pertaining to the behavior" of various correctional staff, including the Defendants.

### 1. Motion to Compel and Discovery Requests Untimely

Both Plaintiff's motion to compel and his discovery requests were untimely. As previously stated, Plaintiff filed the instant motion to compel on March 28, 2018, after the discovery deadline expired on March 12, 2018. In addition, Plaintiff's discovery requests were not timely. Pursuant to the Court's scheduling order, each party is allowed forty-five days to respond to any discovery request, and in order to be timely served, the discovery request must be served sufficiently in advance of the discovery deadline to permit a response. (ECF No. 60.) In this instance, in order for the discovery requests to be timely, each must have been served at least forty-five days before March 12, 2018, i.e. January 26, 2018. The earliest of Plaintiff's discovery requests was served on January 31, 2018, less than forty-five days before March 12, 2018. (Mot. to Modify at 7, ECF No. 94.) The second of the discovery requests was served on March 1, 2018, and the third of the discovery requests was not even served on Defendants until after filed with the Court. (Id. at 13, 15; Declaration of Tyler Onitsuka ¶ 3.) However, even had the requests been timely served, for the reasons explained below, there is no basis to warrant a response because the substance of the requests is objectionable.

### 2. Merits of Motion to Compel

If a party, in response to a request for production under Rule 24, fails to produce or permit inspection, the discovery party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3). As the moving party, Plaintiff bears the burden of informing the Court of (1) which discovery requests are the subject of his motion to compel; (2) which of Defendants' responses are disputed; (3) why he believes Defendants' responses are deficient; (4) why Defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358, (E. D.

Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion.")

Plaintiff's motion to compel fails to set forth why the information sought is relevant or how Defendants' objections are not justified. However, the Court has reviewed Defendants' objections and finds the objections to be valid. (Declaration of Tyler Onitsuka, Ex. A, ECF No. 95-1.) As Defendants points out, Plaintiff's request for production no. 8 asks Defendants to: "Produce all documents pertaining to the requirements, practices, procedures and guidelines for reporting and documenting these extreme situations and conditions including the chain of command, how far up the chain does it go and the fyc notifications, evaluations and reports." (Id. ¶ 2, Ex. A.) Defendants objected to this request on the grounds that it is vague, overbroad with respect to time, and does not describe the documents sought with reasonable particularity. Defendants' objections are legally appropriate as it is not clear what is meant by "these extreme situations and conditions," nor is it clear what kind of documents to which it is referring.

In the second set of requests for production of documents, Plaintiff requests various "blown up" color photographs of different prison locations. (Mot. to Modify at 9-10, ECF No. 94.) To illustrate, in request no. 11, of second set of requests for the production of documents, Plaintiff requests the following:

> Produce 'Blown Up' pictures of the medical holding cell that I was housed in for weeks. It's the one when you come in from the sallyport its straight ahead, right before you enter medical where the examining rooms are: from the sallyport looking in to capture the entire front of the cell that's made of plexiglass (the entire door and wall), from just outside looking in, from inside, from multiple/all angles, from the toilet looking out in all direction and from inside looking out in all directions, in color.

(Mot. to Modify at 10, ECF No. 94.) Defendants properly objected on the ground that it requests them to generate new documents to meet Plaintiff's specifications, rather than to produce existing documents. See, e.g., Atcherley v. Clark, Case No. 1:12-cv-00225-LJO-DLB, 2014 WL 4660842, at *4 (E.D. Cal. Sept. 17, 2014) (defendant not required to take pictures in response to discovery request).

///

///

The third set of requests for the production of documents requests deposition transcripts from Plaintiff's deposition. However, deposition transcripts are not properly subject to document requests. See, e.g., Hallford v. California Dep't of Corr., Case No. CIV S-05-0573-FCD-DAD P, 2010 WL 921166, at *2 (E.D. Cal. Mar. 12, 2010) (denying motion to compel production of deposition transcript). Plaintiff must obtain a copy of the deposition transcript from the officer before whom the deposition was taken on and pay the charges therefor. See, e.g., Boston v. Garcia, Case No. 2:10-cv-1782 KJM DAD, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013 (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript).[2] Plaintiff also requests for "any and all documents pertaining to the behavior" of various correctional staff, including Defendants and third parties. (Mot. to Modify at 15-16, ECF No. 94.) Defendants objections that the requests are vague, overbroad with respect to time and scope, and seek irrelevant documents are valid. The requests do not describe any documents with reasonable particularity, nor are the requests "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal., 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoner to use federal discovery for fishing expeditions to investigate mere speculation.").

In sum, Plaintiff has not explained why any of the requests for document production he seeks to compel responses to are asking for relevant information, nor does he demonstrate how Defendants' objections are not valid. Accordingly, there is no merit to Plaintiff's motion to compel and it must be denied even if it were timely filed.

///

///

///

///

///

---

[2] Although Plaintiff was granted leave to proceed in forma pauperis in this action, such status does not entitle him to a free copy of his deposition transcript. Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976) ("'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'"). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute. See 28 U.S.C. § 1915.

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to modify the scheduling order is denied; and

2.      Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated:   **April 30, 2018**

_____
UNITED STATES MAGISTRATE JUDGE