# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>   Plaintiff,<br><br> v.<br><br>JIMENEZ, et al.,<br><br>   Defendants. | Case No. 1:14-cv-02045-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING REQUEST FOR FREE COPY OF DEPOSITION TRANSCRIPT, AND GRANTING PLAINTIFF THIRTY ADDITIONAL DAYS TO FILE AN OPPOSITION<br><br>[ECF No. 112] |

Plaintiff Jeremy Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's September 24, 2018, order and second request for additional time to file an opposition, filed October 25, 2018.

## I.

## DISCUSSION

**A. Motion for Reconsideration**

Plaintiff seeks reconsideration of the Court's September 24, 2018 order denying his request to reopen discovery. (ECF No. 111.)

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.

Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff states that his previous discovery efforts were delayed by his due diligence in attempting to settle this case. Plaintiff appears to fault Defendants for his delay in seeking to propound discovery. Plaintiff contends that his request to reopen discovery relates only to the Defendants' pending motion for summary judgment. However, as noted in the Court's September 24, 2018 order, Plaintiff failed to make the necessary showing for discovery under Federal Rule of Civil Procedure 56(d). "Plaintiff failed to diligently pursue discovery in this action. As stated in the Court's April 30, 2018 order, discovery in this case was open from June 8, 2017 to February 8, 2018, and Plaintiff did not file his first discovery request until January 31, 2018. Plaintiff has had ample time to request discovery and timely file any motions to compel." (ECF No. 111, at 2:6-10.) (citation omitted). Plaintiff's disagreement with the Court's September 24, 2018 order is not sufficient grounds for reconsideration. In addition, Plaintiff cannot seek to reopen the discovery deadline simply because settlement negotiations were unsuccessful.[1] As stated in the Court's July 12, 2018 order, "Plaintiff's [March 28, 2018] motion to extend the discovery deadline was untimely and did not show any diligence and good cause for the requested extension, particularly as he waited over six months to begin initiating discovery, without any explanation." (ECF No. 104, Order at 1:26-28.) While "the Court encourages good-faith settlement negotiations, such negotiations are not sufficient cause for failing to initiate any discovery for over six months." (Id. at 2:4-5.) Accordingly, Plaintiff's motion for reconsideration of the Court's September 24, 2018, must be denied.

### B. Request for Copy of Deposition Transcript

Plaintiff requests the Court order Defendants to provide him with a complete copy of his deposition transcript.

---

[1] A settlement conference was conducted on September 18, 2017, and the discovery deadline did not expire until February 8, 2018. (ECF No. 60.)

Federal Rule of Civil Procedure 30 provides that when paid reasonable charges, the deposition officer must furnish a copy of the transcript or recording to any party or the deponent. Fed. R. Civ. P. 30(f)(3). Similarly, California Code of Civil Procedure section 2025.510(c) provides that the deponent must obtain a copy of any deposition transcripts at his own expense. In addition, there is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript. See 28 U.S.C. § 1915(d); see also Whittenberg v. Roll, No. 2:04-cv-2313 FCD JFM, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge).

Plaintiff's request for a complimentary copy of the deposition transcript must be denied. As stated above, the Court cannot order the court reporter, defense counsel, or Defendants, to provide Plaintiff a copy of the deposition transcript free of charge. Plaintiff must obtain the deposition transcript from the officer before whom the deposition was taken on January 18, 2018, and February 20, 2018. See Boston v. Garcia, No. 2:10-cv-1782 KJM DAD, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript). Accordingly, as there is no basis to provide Plaintiff a free copy of the deposition transcript, Plaintiff's request is DENIED.

### C. Request for Additional Time to file Opposition

On the basis of good cause, the Court will grant Plaintiff an additional thirty (30) days from the date of service of this order to file an opposition.

///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's September 24, 2018 order is denied;

2. Plaintiff's request for a complete copy of the deposition transcript is denied; and

3. Plaintiff is granted thirty days from the date of service of this order to file an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: **October 26, 2018**

UNITED STATES MAGISTRATE JUDGE