# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>JIMENEZ, et al.,<br><br>  Defendants. | Case No. 1:14-cv-02045-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO OBTAIN AND INTRODUCE POLYGRAPH EXAMINATION<br><br>[ECF No. 139] |

Plaintiff Jeremy Jones is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 14, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted. (ECF No. 128.)

Currently before the Court is Plaintiff's motion to receive and submit a polygraph examination. However, as Plaintiff was advised in the Court's January 10, 2017, Findings and Recommendations, "Plaintiff cannot assert an independent cause of action based on any purported violation of sections of the California Code of Regulations, including the failure to provide Plaintiff with a polygraph examination, and Plaintiff's due process claim is not proceeding on such allegations." (ECF No. 52, at 7:17-19); see also Barboza v. Kelsey, No. 03-3855, 2008 WL 2512785, at *11 (C.D. Cal. June 23, 2008) (the minimal procedural requirements guaranteed by Wolff v. McDonnell, 418 U.S. 539 (1974)

do not encompass a right to have evidence tested for fingerprints or subjected to similar scientific analysis); Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) (inmate not entitled to take a polygraph examination addressing whether the participated in planning or furthering an escape); Miller v. Brown, No 07-2020 (JLL), 2007 WL 1876506, at *8 (D.N.J. June 26, 2007) (allegations that prison officials rejected an inmate's demands for fingerprinting and polygraph testing did not state a due process claim); Liebers v. Clarke, No. 4:03CV3322, 2005 WL 2347270, at *3 (D. Neb. Sept. 26, 2005); Hamilton v. Scott, 762 S.Supp. 794, 802 (N.D. Ill. 1991) (rejecting an inmate's claims that his due process rights were violated when prison staff "ignored" his request for a fingerprint analysis of a weapon and a polygraph examination because the inmate "had no constitutional right to the grant of his request for 'scientific' testing to establish non-ownership of the weapon").

Accordingly, Plaintiff's motion to obtain and submit a polygraph examination is DENIED.

IT IS SO ORDERED.

Dated: **September 10, 2019**

UNITED STATES MAGISTRATE JUDGE