UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. LUNDY, et al.,<br><br>　　　　　　Defendants. | No. 1:14-cv-02045-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 149) |

Plaintiff Jeremy Jones is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On February 14, 2019, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted. (Doc. No. 128.) The findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within twenty-one days. (*Id.* at 16.) Plaintiff filed requests for extensions of time (Doc. Nos. 131, 133), with the magistrate judge granting plaintiff's requests in part and requiring him to file any objections to the findings and recommendations by April 30, 2019. (Doc. No. 136.) Nonetheless, plaintiff did not file objections within the allotted timeframe. On September 17, 2019, the undersigned adopted the magistrate judge's February 14, 2019 findings and recommendations and granted defendants' motion for summary judgment. (Doc. No. 147.) Thereafter, on September 30, 2019, plaintiff

1

filed a motion for reconsideration of the undersigned's September 17, 2019 order (Doc. No. 147). (Doc. No. 149.)  The motion for reconsideration also includes plaintiff's untimely objections to the February 14, 2019 findings and recommendations.  (*Id.* at 3–6.)

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted).  In seeking reconsideration of an order, Local Rule 230 requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j)(3).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision."  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In his motion for reconsideration, plaintiff argues that he "never received a response from the court on key motions . . . that proved the plaintiff's access to the law library was indeed limited . . . [and that his various requests were] made in good faith and not as a delay tactic." (Doc. No. 149 at 1.)  As noted in the undersigned's September 17, 2019 order, plaintiff did not and still has not explained why law library access was necessary in order to set forth any objections he might have had to the February 14, 2019 findings and recommendations.  (*See* Doc.

2

No. 147 at 2 n.1.)  Moreover, even if the court were to consider plaintiff's alleged limited access to the law library, plaintiff had more than sufficient time—more than seven months—to file his objections before the court adopted the findings and recommendations, and he failed to set forth any efforts on his part to comply with the deadlines for filing those objections set by the court. After plaintiff requested extensions of time to file his objections, the magistrate judge granted plaintiff until April 30, 2019 to do so.  (Doc. No. 136 at 3.)  Rather than filing objections within that timeframe, plaintiff filed additional motions asking the court to delay its ruling, and then seeking appointment of counsel.  (Doc. Nos. 137–140, 144.)  Plaintiff was provided generous extensions of time with which he failed to comply.  Plaintiff has failed to demonstrate any basis, excusable neglect or otherwise, justifying the granting of reconsideration.

As noted, plaintiff's untimely objections to the magistrate judge's February 14, 2019 findings and recommendations are attached as part of his motion for reconsideration.  The court will exercise its discretion and consider plaintiff's untimely objections.  In objecting to the findings and recommendations, plaintiff argues that summary judgment was not appropriate on plaintiff's due process claim brought against defendants Lundy and Schuyler relating to plaintiff's rules violation hearing.  (Doc. No. 149 at 3–6.)  More specifically, plaintiff contends that his due process rights were violated because he was not:  afforded an impartial hearing officer; allowed to call witnesses at the hearing; or provided copies of the rules violation report.  (*Id.* at 4.)  The undisputed facts before the court on summary judgment, however, demonstrate that:  (1) plaintiff had not had any interactions with defendant Schuyler, the hearing officer, before the hearing on the rules violation report; (2) defendant Schuyler granted plaintiff's request for the attendance of inmate witnesses, but those witnesses were not summoned by plaintiff for the hearing; and (3) plaintiff acknowledged receiving a written copy of the rules violation report more than twenty-four hours before the disciplinary hearing.  (*See* Doc. No. 105-4, Ex. B at 3; *id.*, Ex. C at 31.)  As such, and as noted by the magistrate judge, plaintiff was provided the opportunity to present evidence in his defense and received all of the procedural due process to which he was entitled at the prison rules violation hearing held on June 30, 2011.  (Doc. No. 128 at 8–13.)

/////

1   Plaintiff's objections attached to his motion for reconsideration merely reiterate arguments
2   previously presented and considered by the court.  They provide no basis upon which to question
3   the conclusions reached in the February 14, 2019 findings and recommendations nor in the
4   undersigned September 17, 2019 order adopting those findings and recommendations and
5   granting defendants' motion for summary judgment.  Plaintiff's mere disagreement with the
6   court's decision is not grounds for reconsideration.  *United States v. Westlands Water Dist.*, 134
7   F. Supp. 2d at 1131.

8   Accordingly, plaintiff's motion for reconsideration (Doc. No. 149) is denied.

9   IT IS SO ORDERED.

10   Dated:   **June 22, 2020**                    /s/ Dale A. Drozd
11                                                UNITED STATES DISTRICT JUDGE